IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ANDY CHUNG,                                    Case No. 6:14-cv-00156-AA
                                                    OPINION AND ORDER
              Plaintiff,

       v.

P.S.R.B. (Psychiatric
Security Review Board),

              Defendant.
_____

Andy Chung
555 24th Place N.E.
Salem, Oregon 97301
       Pro se plaintiff

Ellen Rosenblum
Andrew D. Hallman
Oregon Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301
       Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant, Psychiatric Security Review Board, moves to dismiss pro se plaintiff Andy Chung's claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, defendant's motion is granted and this case is dismissed.

## BACKGROUND

Plaintiff was confined at the Oregon State Hospital ("OSH") under the jurisdiction of defendant and is "a PSRB client currently." Compl. pg. 3-4. On January 14, 2014, plaintiff requested a full discharge from OSH. Defendant subsequently denied plaintiff's request.

On January 28, 2014, plaintiff filed a complaint in this Court, alleging two claims for relief, and an application to proceed in forma pauperis ("IFP"), which this Court granted. In his first claim, plaintiff alleges that defendant discriminated against him because of his disability - "past mental illness history" - and the crime he committed six years prior. Compl. pg. 3. In his second claim, plaintiff asserts that defendant wrongly denied his request for a conditional release because he was trying to "find [his] witnesses and file a lawsuit against [his] victim for harassment."[1] Id. at pg. 4. Plaintiff seeks several million dollars in damages. On August 5, 2014, defendant filed the present motion to dismiss plaintiff's complaint with prejudice. Plaintiff did not file an opposition to defendant's motion.

---

[1] Plaintiff does not articulate a specific cause of action in regard to his claims. Defendant "presumes that Chung is proceeding under 42 U.S.C. § 1983 [but] would assert the same defenses" in the event that plaintiff "is proceeding under any other cause of action." Def.'s Mot. Dismiss 2 n.1.

Page 2 - OPINION AND ORDER

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim [for] relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

## DISCUSSION

Defendant contends that plaintiff's claims should be dismissed because: "(1) the Eleventh Amendment bars Chung from seeking damages against PSRB in federal court; (2) Chung cannot challenge the fact or duration of his confinement under § 1983; and (3) PSRB is entitled to absolute immunity." Def.'s Mot. Dismiss 1-2.

Initially, before reaching the substantive merits of defendant's motion, the Court notes that plaintiff's claims fail at the pleadings level. The court must dismiss an IFP complaint sua sponte if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Here,

Page 3 - OPINION AND ORDER

even construing plaintiff's pleadings in the most favorable and liberal light, they are insufficient to state a plausible claim for relief. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012) (pro se pleadings are "held to less stringent standards" than those drafted by lawyers). Notably, plaintiff's allegations are vague and conclusory, and fail to clearly delineate the underlying factual circumstances. As discussed below, however, plaintiff's claims also fail, as a matter of law, for the reasons identified by defendant.

I.   Eleventh Amendment

Defendant first asserts that it is entitled to immunity under the Eleventh Amendment. The Eleventh Amendment "bars suits in federal court [for damages] against a state and its agencies brought by its own citizens and citizens of other states." In re Jackson, 184 F.3d 1046, 1049 (9th Cir. 1999) (citations omitted). A state may waive its sovereign immunity under the Eleventh Amendment by expressly consenting to suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984).

Defendant here is "a political subdivision of the State of Oregon" and "has not consented to be sued for such claims in this action." Def.'s Mot. Dismiss 3; see also State v. Amini, 331 Or. 384, 387 n.2, 15 P.3d 541 (2000) ("[t]he Psychiatric Security Review Board is a state agency that by statute has as its primary concern the protection of society"). Accordingly, plaintiff's claims for damages are barred by the Eleventh Amendment.

II.  The Heck Doctrine

Defendant next argues that plaintiff's claims "are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because relief on his claims

Page 4 - OPINION AND ORDER

would implicate the invalidity of his confinement." Def.'s Mot. Dismiss 3. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 at 487. The Heck doctrine applies with equal force to patients in state hospitals and to civil commitment proceedings. See, e.g., Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139 (9th Cir. 2005) (civil commitment proceedings); Cavner v. May, 2009 WL 187586, *2-3 (E.D.Cal. Jan. 26, 2009) (patient in state hospital). In sum, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck, 512 U.S. at 481 (citation omitted).[2]

In his complaint, plaintiff alleges that defendant improperly denied his request for a conditional release for discriminatory reasons. See Compl. pg. 3-4. In other words, plaintiff's claims amount to an attack on the constitutional validity of his confinement at OHS and, as such, may not be maintained unless and until he can show that defendant's decision not to discharge him was reversed or otherwise invalidated. Therefore, plaintiff's claims are precluded by Heck.

---

[2] Although defendant does not raise Rooker-Feldman, which is a jurisdictional rule prohibiting federal courts, other than the United States Supreme Court, from sitting in review of state court decisions or any issues that are inextricably intertwined therewith, the Court notes that this doctrine may also be relevant here. Johnson v. Grandy, 512 U.S. 997, 1005-06 (1994) (citations omitted).

Page 5 - OPINION AND ORDER

III. <u>Absolute Immunity</u>

Lastly, defendant contends it "is entitled to absolute immunity from Chung's claims." Def.'s Mot. Dismiss 4. "Executive branch hearing examiners [and] judicial officers" are afforded absolute judicial immunity. <u>Anderson v. Boyd</u>, 714 F.2d 906, 908 (9th Cir. 1983) (citation omitted), <u>abrogation in part by</u> <u>Swift v. California</u>, 384 F.3d 1184, 1190 (9th Cir. 2004). As such, "[a]bsolute immunity covers decisions to grant, deny, or revoke parole because these tasks are functionally comparable to tasks performed by judges." <u>Swift</u>, 384 F.3d at 1189 (citation and internal quotations omitted).

Here, plaintiff's allegations stem from defendant's performance of its judicial functions - i.e. the decision to deny his conditional release. <u>See</u> Compl. pg. 3-4; <u>see also</u> <u>State v. Pilip</u>, 111 Or.App. 649, 650, 826 P.2d 125 (1992) (trial court "has no authority to order conditions of release or otherwise interfere with PSRB's supervision of the case" once "jurisdiction passes to PSRB"). Thus, defendant is absolutely immune to the extent plaintiff's claims are premised on its executive decisions. For these reasons, defendant's motion is granted.

## CONCLUSION

Defendant's motion to dismiss (doc. 15) is GRANTED and this case is DISMISSED.

IT IS SO ORDERED

Dated this ___12th___ of September 2014.

_____
Ann Aiken
United States District Judge